ORIGINAL

FAXED

FILED

2013 FEB -7  A 11: 58

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   Mark P. Robinson, Jr., Esq. CA Bar # 054426
2   Daniel S. Robinson, Esq. CA Bar # 244245
    Karen L. Karavatos, Esq. CA Bar # 131718
3   Shannon Lukei, Esq. CA Bar # 202868
    ROBINSON CALCAGNIE ROBINSON SHAPIRO DAVIS, INC.
4   19 Corporate Plaza Drive
    Newport Beach, CA 92660
5   949-720-1288; Fax 949-720-1292
    mrobinson@rcrlaw.net
6   drobinson@rcrlaw.net
    ldmravatos@rcrlaw.net
7   slukei@rcrlaw.net

8   and

9   Michael K. Johnson (MN #258696) (Pro Hac Vice Pending)
    Timothy J. Becker (MN #256663) (Pro Hac Vice Pending)
10  Rolf T. Fiebiger (MN #391138) (Pro Hac Vice Pending)
    JOHNSON BECKER, PLLC
11  33 South Sixth Street
    Suite 4530
12  Minneapolis, Minnesota 55402
    (612) 436-1800

13  Attorneys for Plaintiff Miriam Cruz

JCS

14              UNITED STATES DISTRICT COURT

15         NORTHERN DISTRICT OF CALIFORNIA  0 5 4 3

16  MIRIAM CRUZ; an individual;          )   Case No.
                                         )
17              Plaintiff,               )   **COMPLAINT FOR DAMAGES**
                                         )   **AND DEMAND FOR JURY TRIAL**
18  vs.                                  )
                                         )
19                                       )
    BAYER HEALTHCARE                     )   1.  Defective Manufacturing
20  PHARMACEUTICALS INC.; and DOES 1     )   2.  Design Defect
    through 10, inclusive,               )   3.  Negligence
21                                       )   4.  Failure to Warn
                                         )   5.  Strict Liability
22              Defendants               )   6.  Breach of Implied Warranty
                                         )   7.  Breach of Express Warranty
23                                       )   8.  Negligent Misrepresentation
                                         )   9.  Fraudulent Misrepresentation
24                                       )   10. Fraud by Concealment
                                         )
25  _____

26      COMES NOW Plaintiff MIRIAM CRUZ; an individual, and files this Complaint

27  seeking judgment against Defendants BAYER HEALTHCARE PHARMACEUTICALS

28

3028045.1                                1

                                                              COMPLAINT

INC., and DOES 1 through 10 inclusive, (hereinafter collectively "Defendants" or "Bayer") for personal injuries suffered as a proximate result of Plaintiff MIRIAM CRUZ being prescribed and using the defective and unreasonably dangerous product Mirena® (levonorgestrel-releasing intrauterine system). At all times relevant hereto, Mirena® was manufactured, designed, formulated, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, advertised, distributed and sold by Defendants.

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to the Plaintiff exceeds $75,000.00, exclusive of interest and costs, and because Defendant is incorporated and has its principal places of business in states other than the state in which the named Plaintiff resides.

2. This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred, in part, in the Northern District of California.

4. At all relevant times hereto, Plaintiff was a resident and citizen of Contra Costa County, California.

5. Defendant Bayer Healthcare Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 6 West Belt Road, Wayne, New Jersey 07470. Defendant Bayer Healthcare Pharmaceuticals Inc. can be served with process through its registered agent for service of process in California, Corporation Service Company, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, California 95833.

2

COMPLAINT

6.     Defendant Bayer Healthcare Pharmaceuticals Inc. was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc.

7.     Berlex Laboratories, Inc. and Berlex, Inc. were integrated into Bayer HealthCare AG and operate as an integrated specialty pharmaceuticals business under the new name, Defendant Bayer Healthcare Pharmaceuticals Inc.

8.     Defendant Bayer Healthcare Pharmaceuticals Inc. is the holder of the approved New Drug Application (NDA) for contraceptive device Mirena®.

9.     Bayer is in the business of designing, manufacturing, marketing, formulating, testing, packaging, labeling, producing, creating, making, constructing, assembling, advertising, and distributing prescription drugs and women's healthcare products, including the intrauterine contraceptive system, Mirena®.

10.    Bayer does business in California through the sale of Mirena® and other prescription drugs in the state.

11.    At all times relevant, Defendants were engaged in the business of developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into interstate commerce throughout the United States, either directly or indirectly through third parties, subsidiaries or related entities, the contraceptive device, Mirena®.

12.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein, and further alleges as follows:

13.    Mirena® is an intrauterine system that is inserted by a healthcare provider during an office visit. Mirena® is a T-shaped polyethylene frame with asteroid reservoir that releases 20 µg/day of levonorgestrel, a prescription medication used as a contraceptive.

COMPLAINT

14.     The federal Food and Drug Administration (FDA) approved Defendant's New Drug Application for Mirena® in December 2000. Today, more than 2 million women in the United States use Mirena®. It has been used by more than 15 million women worldwide.

15.     The system releases levonorgestrel, a synthetic progestogen, directly into the uterus for birth control. Defendants admit it is not known exactly how Mirena® "works," but provide that Mirena® may thicken cervical mucus, thin the uterine lining, inhibit sperm movement and reduce sperm survival to prevent pregnancy.

16.     The Mirena® intrauterine system ("IUS") is designed to be placed within seven (7) days of the first day of menstruation and is approved to remain in the uterus for up to five (5) years. If continued use is desired after five years, the old system must be discarded and a new one inserted.

17.     The package labeling recommends that Mirena® be used in women who have had at least one child.

18.     Mirena®'s label does not warn about spontaneous migration of the IUS, but only states that migration may occur if the uterus is perforated during insertion. ·

19.     Mirena®'s label also describes perforation as an "uncommon" event, despite the fact that there are numerous women who have suffered migration and perforation post-insertion, clearly demonstrating this assertion to be false.

20.     Defendants have a history of overstating the efficacy of Mirena® while understating the potential safety concerns.

21.     In or around December 2009, Bayer was contacted by the Department of Health and Human Services' Division of Drug Marketing, Advertising, and Communications ("DDMAC") regarding a consumer-directed program entitled "Mirena Simple Style Statements Program," a live presentation designed for "busy moms." The Simple Style

4

program was presented in a consumer's home or other private settings by a representative from "Mom Central," a social networking internet site, and Ms. Barb Dehn, a nurse practitioner, in partnership with Defendants.

22.     This Simple Style program represented that Mirena® use would increase the level of intimacy, romance and emotional satisfaction between sexual partners. DDMAC determined these claims were unsubstantiated and, in fact, pointed out that Mirena®'s package insert states that at least 5% of clinical trial patients reported a decreased libido after use.

23.     The Simple Style program script also intimated that Mirena® use can help patients "look and feel great." Again, DDMAC noted these claims were unsubstantiated and that Mirena® can cause a number of side effects, including weight gain, acne, and breast pain or tenderness.

24.     The portion of the Simple Style script regarding risks omitted information about serious conditions, including susceptibility to infections and the possibility of miscarriage if a woman becomes pregnant on Mirena®.

25.     Finally, Defendants falsely claimed that Mirena® required no compliance with a monthly routine.

26.     Plaintiff MIRIAM CRUZ is currently 23 years old.

27.     Plaintiff had the Mirena® product (hereinafter sometimes "PRODUCT") inserted on or about March, 2008 at Kaiser Permanente in Davis, California. Plaintiff tolerated the procedure well and Plaintiff did not have any reason to suspect that the Mirena® perforated her uterus. In addition, the Mirena® was found to be present in the uterus on a follow-up visit with Plaintiff's physician.

COMPLAINT

1      28.     Following the Mirena® insertion, Plaintiff self-checked the strings on the

2  Mirena®, finding them to be present.

3      29.     In or about March, 2011, Plaintiff suffered from extreme pain in her lower

4  torso and sought medical attention. It was discovered that the PRODUCT had perforated her

5

6  uterus, migrated outside of her uterus, and needed to be surgically removed.

7      30.     Although Plaintiff followed all instructions accompanying the PRODUCT

8  and used the PRODUCT as directed, after implant of the PRODUCT Plaintiff suffered

9  serious and life-threatening side effects and injuries, including but not limited to extreme

10  lower torso pain and related sequelae requiring hospitalization, medical therapy, continuing

11  treatment, and medical monitoring. Further personal injuries suffered by Plaintiff include,

12  but are not limited to, pain and suffering, permanent bodily impairment, mental anguish and

13

14  diminished enjoyment of life.

15      31.     Plaintiff files this lawsuit within two (2) years of first suspecting that the

16  PRODUCT was the cause of appreciable harm sustained by Plaintiff, within two (2) years of

17  first suspecting or having reason to suspect any wrongdoing, and within the applicable

18  limitations period of first discovering their injuries and the wrongful conduct that caused

19  such injuries. Plaintiff could not by the exercise of reasonable diligence have discovered any

20

21  wrongdoing, nor could Plaintiff have discovered the causes of her injuries at an earlier time

22  because some injuries occurred without initial perceptible trauma or harm, and when

23  Plaintiff's injuries were discovered, their causes were not immediately known.

24      32.     Plaintiff did not suspect, nor did she have reason to suspect, that wrongdoing

25  had caused her injuries, nor did Plaintiff have reason to suspect the tortious nature of the

26  conduct causing the injuries, until recently and has filed the herein action well within the

27

28  applicable statute of limitations period. Plaintiff had no knowledge of the defects in the

6

1  PRODUCT and the wrongful conduct of Defendants as set forth herein, nor did Plaintiff

2  have access to the information regarding other injuries and complaints in the possession of

3  Defendants. Additionally, Plaintiff was prevented from discovering this information sooner

4

5  because Defendants herein misrepresented and continue to misrepresent to the public, to the

6  medical profession and to Plaintiff that the PRODUCT is safe and free from serious defects

7  and side effects, and Defendants have fraudulently concealed facts and information that

8  could have led Plaintiff to an earlier discovery of potential causes of action.

9                        **FIRST CAUSE OF ACTION:**

10                       **DEFECTIVE MANUFACTURING**

11         33.   Plaintiff incorporates by reference all other paragraphs of this complaint as if

12  fully set forth herein, and further alleges as follows:

13         34.   At all relevant times, Defendants were engaged in the business of selling

14  Mirena® in the State of California.

15         35.   The Mirena® manufactured, designed, formulated, tested, packaged, labeled,

16

17  produced, created, made, constructed, assembled, marketed, advertised, distributed and sold

18  by Defendants was expected to, and did, reach Plaintiff without substantial change in the

19  condition in which it was sold.

20         36.   Defendants have introduced a product into the stream of commerce which is

21  dangerous and unsafe in that the harm of Mirena® outweighs any benefit derived therefrom.

22  The unreasonably dangerous nature of Mirena® caused serious harm to Plaintiff.

23         37.   Defendants manufactured, marketed, promoted and sold a product that was

24

25  not merchantable and/or reasonably suited to the use intended, its condition when sold was

26  the proximate cause of the injuries sustained by the Plaintiff, and Defendants placed

27  Mirena® into the stream of commerce with wanton and reckless disregard for the public

28  safety.

7

COMPLAINT

38.     As a direct and proximate result of Plaintiff's use of Mirena®, she developed excruciating pain, endured extreme suffering, and was forced to undergo surgical removal of the PRODUCT.

39.     Defendants knew and, in fact, advertised and promoted the use of Mirena® despite their failure to test or otherwise determine the safety and efficacy of such use. As a direct and proximate result of the Defendants' advertising and widespread promotional activity, physicians began commonly prescribing this product as safe and effective.

40.     Despite the fact that evidence existed that the use of Mirena® was dangerous and likely to place users at serious risk to their health, Defendants failed to disclose and warn of the health hazards and risks associated with the Mirena® and in fact acted to deceive the medical community and public at large, including all potential users of Mirena®, including Plaintiff, by promoting it as safe and effective.

41.     Defendants knew or should have known that physicians and other healthcare providers began commonly prescribing this product as a safe and effective contraceptive despite its lack of efficacy and potential for serious permanent side effects.

42.     There are contraceptives on the market with safer alternative designs in that they provide equal or greater efficacy and far less risk.

43.     As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries, required medical treatment, and incurred and continues to incur medical and hospital expenses.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

8

1

2

**SECOND CAUSE OF ACTION:**

**DESIGN DEFECT**

3       44.     Plaintiff incorporates by reference all other paragraphs of this complaint as if

4  fully set forth herein, and further alleges as follows:

5       45.     Defendants were engaged in the business of selling Mirena® in the State of

6  California.

7       46.     The Mirena® manufactured, designed, formulated, tested, packaged, labeled,

8
   produced, created, made, constructed, assembled, marketed, advertised, distributed and sold
9
   by Defendants was expected to, and did, reach Plaintiff without substantial change in the
10
   condition in which it was sold.
11

12      47.     The foreseeable risks associated with the design or formulation of the

13  Mirena® include, but are not limited to, the fact that the design or formulation of Mirena® is

14  more dangerous than a reasonably prudent consumer would expect when used in an intended

15  or reasonably foreseeable manner.

16

17      48.     Defendants manufactured, designed, formulated, tested, packaged, labeled,

18  produced, created, made, constructed, assembled, marketed, advertised, distributed and sold

19  a product that was not merchantable and/or reasonably suited to the use intended, and its

20  condition when sold was the proximate cause of the injuries sustained by Plaintiff.

21      49.     As a direct and proximate cause of Plaintiff's use of Mirena®, she was forced

22  to undergo surgical removal of the Mirena®, developed severe pain, suffered from infection,

23
   and underwent numerous procedures.
24

25      50.     Defendants placed Mirena® into the stream of commerce with wanton and

26  reckless disregard for public safety.

27

28

9

51.   Defendants knew or should have known that physicians and other healthcare providers began commonly prescribing this product as a safe and effective contraceptive despite its lack of efficacy and potential for serious permanent side effects.

52.   There are contraceptives on the market with safer alternative designs in that they provide equal or greater efficacy and far less risk.

53.   As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendant, Plaintiff suffered profound injuries, required medical treatment, and incurred and continues to incur medical and hospital expenses.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

### THIRD CAUSE OF ACTION:
### NEGLIGENCE

54.   Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein, and further alleges as follows:

55.   Upon information and belief, Defendants failed to use reasonable care in designing Mirena® in that they:

> a.   failed to properly and thoroughly test Mirena® before releasing the drug to market;

> b.   failed to properly and thoroughly analyze the data resulting from the premarketing tests of Mirena®;

> c.   failed to conduct sufficient post-market testing and surveillance of Mirena®;

> d.   designed, manufactured, marketed, advertised, distributed, and sold Mirena® to consumers, including Plaintiff, without an adequate warning of the significant

10

and dangerous risks of Mirena® and without proper instructions to avoid the harm which could foreseeably occur as a result of using the drug;

       e.  failed to exercise due care when advertising and promoting Mirena®; and,

       f.  negligently continued to manufacture, market, advertise, and distribute Mirena® after Defendants knew or should have known of its adverse effects.

56.    A reasonable manufacturer would or should have known that the risks created by Mirena® are unreasonably greater than that of other contraceptives and that Mirena® has no clinical benefit over such other contraceptives that compensates in whole or in part for the increased risk.

57.    As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries, required medical treatment, and incurred and continues to incur medical and hospital expenses.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## FOURTH CAUSE OF ACTION:
## FAILURE TO WARN

58.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein, and further alleges as follows:

59.    Mirena® is a defective and therefore an unreasonably dangerous product, because its labeling fails to adequately warn consumers and prescribers of, among other things, the risk of migration of the product post-insertion, uterine perforation post-insertion, or the possibility that device complications such as migration and perforation may cause abscesses, infections, require surgery for removal and/or may necessitate hysterectomy, oophorectomy, and other complications.

11

60.     Defendants manufactured, designed, formulated, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, advertised, distributed and sold, and otherwise released into the stream of commerce the pharmaceutical, Mirena®, and in the course of same, directly advertised or marketed the product to consumers or persons responsible for consumers, and therefore had a duty to warn of the risks associated with the use of Mirena®.

61.     Mirena® was under the exclusive control of Defendants and was unaccompanied by appropriate warnings regarding all of the risks associated with its use. The warnings given did not accurately reflect the risk, incidence, symptoms, scope or severity of such injuries to the consumer or physicians. The promotional activities of Defendants further diluted or minimized the warnings given with the product.

62.     Defendants downplayed the serious and dangerous side effects of Mirena® to encourage sales of the product; consequently, Defendants placed their profits above their customers' safety.

63.     Mirena® was defective and unreasonably dangerous when it left the possession of Defendants in that it contained warnings insufficient to alert Plaintiff to the dangerous risks and reactions associated with it. Even though Defendants knew or should have known of the risks associated with Mirena®, they still failed to provide warnings that accurately reflected the signs, symptoms, incident, scope, or severity of the risks associated with the product.

64.     Plaintiff used Mirena® as intended and as indicated by the package labeling or in a reasonably foreseeable manner.

65.     Plaintiff could not have discovered any defect in Mirena® through the exercise of reasonable care.

12

66.    Defendants, as manufacturers of pharmaceutical drugs, are held to the level of knowledge of an expert in the field and, further, Defendants had knowledge of the dangerous risks and side effects of Mirena®.

67.    Plaintiff did not have the same knowledge as Defendants and no adequate warning was communicated to her physician(s).

68.    Defendants had a continuing duty to warn consumers, including Plaintiff and her physicians, and the medical community of the dangers associated with Mirena®, and by negligently and/or wantonly failing to adequately warn of the dangers associated with its use, Defendants breached their duty.

69.    Although Defendants knew, or were reckless in not knowing, of the defective nature of Mirena®, they continued to manufacture, design, formulate, test, package, label, produce, create, made, construct, assemble, market, advertise, distribute and sell Mirena® without providing adequate warnings and instructions concerning the use of Mirena® so as to maximize sales and profits at the expense of the public health and safety, in knowing, conscious, and deliberate disregard of the foreseeable harm caused by Mirena®.·

70.    As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries as alleged herein, required medical treatment, and incurred and continues to incur medical and hospital expenses.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

13

## FIFTH CAUSE OF ACTION:
## STRICT LIABILITY

71.     Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein, and further alleges as follows:

72.     Defendants are manufacturers and/or suppliers of Mirena® and are strictly liable to Plaintiff for manufacturing, designing, formulating, testing, packaging, labeling, producing, creating, making, constructing, assembling, marketing, advertising, distributing, selling and placing Mirena® into the stream of commerce.

73.     Mirena®, manufactured and/or supplied by Defendants, was defective in design or formulation in that when it left the hands of the manufacturer and/or suppliers, it was unreasonably dangerous. It was more dangerous than an ordinary consumer would expect and more dangerous than other contraceptives.

74.     Mirena® was defective in design or formulation in that, when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation.

75.     Mirena® was also defective due to inadequate warnings or instructions because the manufacturer knew or should have known that Mirena® created, among other things, a risk of perforation and migration and associated infections or conditions and the Defendants failed to adequately warn of these risks.

76.     Mirena® was defective due to inadequate pre-marketing testing.

77.     Defendants failed to provide adequate initial warnings and post-marketing warnings or instructions after the manufacturer and/or supplier knew or should have known of the extreme risks associated with Mirena® and continues to promote Mirena® in the absence of those adequate warnings.

14

COMPLAINT

78.     As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendant, Plaintiff suffered profound injuries, required medical treatment, and incurred and continues to incur medical and hospital expenses.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## SIXTH CAUSE OF ACTION:
## BREACH OF IMPLIED WARRANTY

79.     Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein, and further alleges as follows:

80.     Defendants manufactured, designed, formulated, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, advertised, distributed and sold Mirena® as safe for use by the public at large, including Plaintiff, who purchased Mirena®. Defendants knew the use for which its product was intended and impliedly warranted the product to be of merchantable quality, safe and fit for use.

81.     Plaintiff reasonably relied on the skill and judgment of the Defendants, and as such its implied warranty, in using Mirena®.

82.     Contrary to same, Mirena® was not of merchantable quality or safe or fit for its intended use, because it is unreasonably dangerous and unfit for the ordinary purpose for which it was used.

83.     As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries, required medical treatment, and incurred and continues to incur medical and hospital expenses.

15

1    WHEREFORE, Plaintiff demands judgment against Defendants for compensatory,

2    statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all

3    such other relief as the Court deems appropriate pursuant to the common law and statutory

4    law.

5

6                           **SEVENTH CAUSE OF ACTION:**

7                           **BREACH OF EXPRESS WARRANTY**

8        84.    Plaintiff incorporates by reference all other paragraphs of this complaint as if

9    fully set forth herein, and further alleges as follows:

10       85.    The aforementioned designing, manufacturing, marketing, formulating,

11   testing, packaging, labeling, producing, creating, making, constructing, assembling,

12   advertising, and distributing of Mirena® were expressly warranted to be safe by Defendants

13   for Plaintiff and members of the public generally. At the time of the making of these express

14   warranties, Defendants had knowledge of the foreseeable purposes for which Mirena® was

15   to be used and Defendants warranted Mirena® to be in all respects safe, effective and proper

16   for such purposes.

17
         86.    Mirena® does not conform to these express warranties and representations
18
     because Mirena® is not safe or effective and may produce serious side effects.
19

20       87.    As a direct and proximate result of one or more of these wrongful acts or

21   omissions of the Defendants, Plaintiff suffered profound injuries, required medical treatment,

22   and incurred and continues to incur medical and hospital expenses.

23
         WHEREFORE, Plaintiff demands judgment against Defendants for compensatory,
24
     statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all
25
     such other relief as the Court deems appropriate pursuant to the common law and statutory
26
27   law.

28
                                            16

**EIGHTH CAUSE OF ACTION:**
**NEGLIGENT MISREPRESENTATION**

88.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein, and further alleges as follows:

89.    Defendants, having undertaken the designing, manufacturing, marketing, formulating, testing, packaging, labeling, producing, creating, making, constructing, assembling, advertising, and distributing of Mirena®, owed a duty to provide accurate and complete information regarding Mirena®.

90.    Defendants falsely represented to Plaintiff that Mirena® was a safe and effective contraceptive option. The representations by Defendants were in fact false, as Mirena® is not safe and is dangerous to the health of its users.

91.    At the time the aforesaid representations were made, Defendants concealed from healthcare providers and their patients, including Plaintiff and her physicians, information about the propensity of Mirena® to cause great harm. Defendants negligently misrepresented claims regarding the safety and efficacy of Mirena® despite the lack of information regarding same.

92.    These misrepresentations were made by Defendants with the intent to induce Plaintiff to use Mirena®, which caused her injury.

93.    At the time of Defendants' misrepresentations and omissions, Plaintiff was ignorant of the falsity of these statements and reasonably believed them to be true.

94.    Defendants breached their duties to Plaintiff by providing false, incomplete and/or misleading information regarding their product. Plaintiff reasonably believed Defendants' representations and reasonably relied on the accuracy of those representations when agreeing to treatment with Mirena®.

17

95.    As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries, required medical treatment, and incurred and continues to incur medical and hospital expenses.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

### NINTH CAUSE OF ACTION:
### FRAUDULENT MISREPRESENTATION

96.    Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein, and further alleges as follows:

97.    Defendants, having undertaken the designing, manufacturing, marketing, formulating, testing, packaging, labeling, producing, creating, making, constructing, assembling, advertising, and distributing of Mirena® described herein, owed a duty to provide accurate and complete information regarding Mirena®.

98.    Defendants fraudulently misrepresented material facts and information regarding Mirena® including, but not limited to, its propensity to cause serious physical harm.

99.    At the time of Defendants' fraudulent misrepresentations and omissions, Plaintiff was unaware and ignorant of the falsity of the statements and reasonably believed them to be true.

100.    Defendants knew this information to be false, incomplete and misleading.

101.    Defendants intended to deceive and mislead Plaintiff so that she might rely on these fraudulent misrepresentations.

18

102.   Plaintiff had a right to rely on and did reasonably rely upon Defendants' deceptive, inaccurate and fraudulent misrepresentations.

103.   As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries, required medical treatment, and incurred and continues to incur medical and hospital expenses.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## TENTH CAUSE OF ACTION:
## FRAUD BY CONCEALMENT

104.   Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein, and further alleges as follows:

105.   Defendants had a duty and obligation to disclose to Plaintiff that Mirena® was dangerous and likely to cause serious health consequences to users when used as prescribed.

106.   Defendants intentionally, willfully, and maliciously concealed and/or suppressed the facts set forth above from Plaintiff with the intent to defraud her as herein alleged.

107.   Neither Plaintiff nor her physicians were aware of the facts set forth above, and had they been aware of said facts would not have prescribed this product.

108.   As a proximate result of the concealment and/or suppression of the facts set forth above, Plaintiff has proximately sustained damage, as set forth herein.

19

109.   As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendants, Plaintiff suffered profound injuries, required medical treatment, and incurred and continues to incur medical and hospital expenses.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems appropriate pursuant to the common law and statutory law.

## REQUEST FOR PUNITIVE DAMAGES

110.   Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein, and further alleges as follows:

111.   At all times relevant herein, Defendants:

a.   knew that Mirena® was dangerous and ineffective;

b.   concealed the dangers and health risks from Plaintiff, physicians, pharmacists, other medical providers, the FDA, and the public at large;

c.   made misrepresentations to Plaintiff, her physicians, pharmacists, hospitals and medical providers and the public in general as previously stated herein as to the safety and efficacy of Mirena®; and

d.   with full knowledge of the health risks associated with Mirena® and without adequate warnings of the same, manufactured, designed, formulated, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, advertised, distributed and sold Mirena® for routine use.

112.   Defendants, by and through officers, directors, managing agents, authorized sales representatives, employees and/or other agents who engaged in malicious, fraudulent

20

COMPLAINT

1   and oppressive conduct towards Plaintiff and the public, acted with willful and wanton

2   and/or conscious and reckless disregard for the safety of Plaintiff and the general public.

3       113.   As a direct and proximate result of one or more of these wrongful acts or

4   omissions of the Defendants, Plaintiff suffered profound injuries that required medical

5

6   treatment and incurred medical and hospital expenses, for which Plaintiff has become liable.

7       114.   As a further direct and proximate result of defects in the Product and the

8   wrongful conduct, acts, omissions, and fraudulent misrepresentations of Defendants, Plaintiff

9   incurred special damages in the form of, inter alia, the reasonable value of services rendered

10  for medical care for the injuries sustained.

11      115.   Defendants are liable jointly and/or severally for all general, special and

12  compensatory damages and equitable relief to which Plaintiff is entitled by law. The Plaintiff

13  seeks actual and punitive damages from the Defendants and alleges that conduct of

14

15  Defendants was committed with knowing, conscious, reckless, deliberate and grossly

16  negligent disregard for the rights and safety of consumers, including the Plaintiff herein,

17  thereby entitling the Plaintiff to punitive damages in an amount appropriate to punish the

18  Defendants and deter them from similar conduct in the future.

19      WHEREFORE, Plaintiff demands judgment against Defendants for compensatory,

20

21  statutory and punitive damages, together with interest, costs of suit, attorneys' fees and all

22  such other relief as the Court deems appropriate pursuant to the common law and statutory

23  law.

24                              **RELIEF REQUESTED**

25      WHEREFORE Plaintiff prays for judgment against Defendants and, as appropriate to

26  each cause of action alleged and as appropriate to the standing of the Plaintiff, as follows:

27

28

                                    21

1.   Past and future general damages, the exact amount of which has yet to be ascertained, in an amount according to proof at the time of trial;

2.   Past and future economic and special damages according to proof at trial;

3.   Loss of earnings and impaired earning capacity according to proof at trial;

4.   Medical expenses, past and future, according to proof at the time of trial;

5.   Past and future pain and suffering damages, including mental and, emotional stress arising from Plaintiff's physical injuries, according to proof at the time of trial;

6.   Equitable relief as requested and/or as the Court deems just and proper;

7.   Declaratory judgment that Defendants are liable to Plaintiff for all future evaluative, monitoring, diagnostic, preventative, and corrective medical, surgical, and incidental expenses, costs and losses caused by the Defendants' wrongdoing;

8.   Medical monitoring, whether denominated as damages or in the form of equitable relief according to proof at the time of trial;

9.   Punitive or exemplary damages according to proof at the time of trial;

10.   Costs of suit incurred herein;

11.   Pre-judgment interest as provided by law; and

12.   Such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

Date:        February 7, 2013        ROBINSON CALCAGNIE ROBINSON
                                     SHAPIRO DAVIS, INC.

_____
Daniel S. Robinson, Esq.

22

1

**DEMAND FOR JURY TRIAL**

2      Plaintiff, by the undersigned counsel, hereby demands a trial by jury on all counts in this

3  Complaint and all issues so triable.

4

5                              RESPECTFULLY SUBMITTED,

6  Date:        February 7, 2013        ROBINSON CALCAGNIE ROBINSON
                                        SHAPIRO DAVIS, INC.
7

8

9                              _____

10                             Daniel S. Robinson, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT